People ex rel. DeCarr v Wolcott (2021 NY Slip Op 04818)





People ex rel. DeCarr v Wolcott


2021 NY Slip Op 04818


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


380.1 KAH 20-00666

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. TRACI DECARR, PETITIONER-APPELLANT,
v
JULIE WOLCOTT, SUPERINTENDENT, ORLEANS CORRECTIONAL FACILITY, ET AL., RESPONDENTS-RESPONDENTS. 






KAREN MURTAGH, EXECUTIVE DIRECTOR, PRISONERS' LEGAL SERVICES OF NEW YORK, BUFFALO (DAVID W. BENTIVEGNA OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Orleans County (Michael M. Mohun, A.J.), entered April 3, 2020 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus on, inter alia, the ground that the Department of Corrections and Community Supervision lacked authority to place him in a Residential Treatment Facility (RTF) during his period of postrelease supervision based on his failure to locate a residence that complied with the requirements of the Sexual Assault Reform Act (see Executive Law § 259-c [14]). While this appeal was pending, however, petitioner was released from the RTF thereby rendering this appeal moot (see People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 195-196 [2020], rearg dismissed 36 NY3d 1087 [2021]; People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 36 NY3d 251, 256 n 1 [2020]; see also Matter of Gonzalez v Annucci, 32 NY3d 461, 470-471 [2018]). Courts invoke the exception to the mootness doctrine "to consider substantial and novel issues that are likely to be repeated and will typically evade review" (Gonzalez, 32 NY3d at 470). In light of the recent Court of Appeals decisions in Johnson and McCurdy that petitioner concedes "settled many of the arguments" raised in his petition, we conclude that this appeal does not raise any substantial or novel issue, and the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court